**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **WALTER E. MARTIN, SR.,** | ) | |
| **Plaintiff** | ) | |
| v. | ) | **C.A. No. 05-224 Erie** |
| | ) | **District Judge McLaughlin** |
| **STAFF/FOOD SERVICE,** | ) | **Magistrate Judge Baxter** |
| **Defendant.** | ) | |

**MAGISTRATE JUDGE"S REPORT AND RECOMMENDATION**

**I.     RECOMMENDATION**

          It is respectfully recommended that Defendant's motion to dismiss [Document # 4] be granted.

**II.     REPORT**

          On August 29, 2005, Plaintiff Walter E. Martin, Sr., an inmate incarcerated at the State Correctional Institute at Graterford, Pennsylvania ("SCI Graterford"), filed this *pro se* civil rights action.  Named as Defendant is "Staff/Food Service," which is intended to identify the food service department at the State Correctional Institution at Somerset ("SCI-Somerset").  In his Complaint, Plaintiff alleges that, on or about December 20, 2004, Defendant "violated my health." (Complaint at Sections III, IV.A).  As a result, Plaintiff seeks to recover monetary damages "for pain and suffering," and asks to be taken to an "outside hospital for better treatment." (Complaint at Section VI).

          Defendant has filed a motion to dismiss the complaint asserting that Plaintiff's claims fail to state civil rights violations for which relief is available under 42 U.S.C. § 1983. (Document # 4).  Plaintiff has not filed any response to Defendant's motion.  This matter is now ripe for consideration.

**B.      Standard of Review**

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Neitzke v. Williams, 490 U.S. 319 (1989); Langford v. City of Atlantic City, 235 F.3d 845, 847 (3d Cir. 2000). The motion cannot be granted unless the court is satisfied "that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984). See also Swierkiewicz v. Sorema N.A., 534 U.S. 506 (2002).

Rule 8(a) of the Federal Rules of Civil Procedure states that a pleading must set forth a claim for relief which contains a short and plain statement of the claim showing that the pleader is entitled to relief. The issue is not whether the plaintiff will prevail at the end but whether he should be entitled to offer evidence in support of his claim. Neitzke v. Williams, 490 U.S. 319 (1989); Scheuer v. Rhodes, 419 U.S. 232 (1974). However, a court need not credit a complaint's "bald assertions" or "legal conclusions" when deciding a motion to dismiss. Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997) citing In re Burlington Coat Factory Securities Litigation, 114 F.3d 1410, 1429-30 (3d Cir.1997). Therefore, in order to survive a motion to dismiss for failure to state a claim, the complaint must only set forth sufficient information to suggest that there is some recognized legal theory upon which relief can be granted. See Swierkiewicz.

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears "'beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines v. Kerner, 404 U.S. 519, 520-521(1972) quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should be done so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969)(petition prepared

by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); <u>Smith v. U.S. District Court</u>, 956 F.2d 295 (D.C.Cir. 1992); <u>Freeman v. Department of Corrections</u>, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, a district court should construe all allegations in a complaint in favor of the complainant. <u>Gibbs v. Roman</u>, 116 F.3d 83 (3d Cir.1997). <u>See, e.g.</u>, <u>Nami v. Fauver</u>, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); <u>Markowitz v. Northeast Land Company</u>, 906 F.2d 100, 103 (3d Cir. 1990)(same).

### C.      Discussion

Construing the Complaint liberally, it is presumed that Plaintiff is claiming that Defendant served him unhealthy food and, thus, is liable under 42 U.S.C. § 1983. However, Defendant contends that it (the food service department at SCI-Somerset) is a state agency or department and, as such, is not a "person" under Section 1983. <u>Will v. Michigan Dept. Of State Police</u>, 491 U.S. 58, 71 (1989). The Court agrees. As a result, Plaintiff's claim is barred by the Eleventh Amendment and should be dismissed. <u>Chittister v. Dep't of Community and Economic Development</u>, 226 F.3d 223 (3d Cir. 2000)(Eleventh Amendment bars individuals from seeking monetary damages from state governments or state agencies).[1]

## III.    CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss [Document # 4] should be granted.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrates, the parties are allowed ten (10) days from the date

---

[1]

The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. Thus, absent express consent by the state in question or a clear and unequivocal waiver by Congress, states and state agencies are immune from suit in federal court. <u>See Seminole Tribe of Fla. v. Florida</u>, 517 U.S. 44, 54 (1996); <u>Koslow v. Commonwealth of Pennsylvania</u>, 302 F.3d 161 (3d Cir. 2002).

of service to file written objections to this Report and Recommendation.  Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto.  Failure to file timely objections may constitute a waiver of any appellate rights.


S/Susan Paradise Baxter
SUSAN PARADISE BAXTER
Chief U.S. Magistrate Judge

Dated: January 27, 2006

cc:     The Honorable Sean J. McLaughlin
        United States District Judge